**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:  Anthony Roldan ) | |
| Marlene Roldan ) | Case No:  18 B 18593 |
| ) | Judge:  Barnes |
| ) | Chapter  13 |
| Debtors ) | |

**NOTICE OF MOTION**

**Served upon the following parties electronically:**
**Office of United States Trustee**, Dirksen Federal Building, 219 S. Dearborn Street, Room 873, Chicago, IL 60604
**Trustee:** Marilyn O. Marshall, 224 S. Michigan Ave., Ste. 800, Chicago, IL 60604
**and served upon the following parties via U.S. Mail:**
**Debtors:** Anthony & Marlene Roldan, 7130 S. Albany, Chicago, IL 60629
**Counsel for City of Chicago:** David Lipschutz, 111 W. Jackson Blvd., Ste. 600, Chicago, IL 60604
**Counsel for the City of Chicago:** Charles King, City of Chicago Department of Law, 121 N. LaSalle Street, Ste. 400, Chicago, IL 60602
**Corporate Counsel for the City of Chicago:** Edward Siskel, 121 North LaSalle Street, Ste. 600, Chicago, IL 60602
**Notice address for City of Chicago:** City of Chicago Department of Finance, c/o Arnold Scott Harris P.C., 111 W. Jackson Blvd. Ste. 600, Chicago, IL 60604
**City of Chicago Mayor:** Rahm Emanuel, 121 N. LaSalle Street, Chicago City Hall 4th Floor, Chicago, IL 60602

PLEASE TAKE NOTICE that on August 30, 2018 at 9:30 a.m., or as soon thereafter as I may be heard, I shall appear before the Honorable Judge Barnes, or any other Bankruptcy Judge presiding in his place in Courtroom 744 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, on the attached Motion, and shall request that the attached Order be entered, at which time you may appear if so desired.

**PROOF OF SERVICE**

I, The undersigned, an attorney, hereby certify that a copy of this notice was served electronically or mailed to the above persons, at her respective addresses, postage prepaid, by depositing in the U.S. Mail at 211 W. Wacker Dr., Chicago, IL 60606, before 6:00 p.m. on or before August 23, 2018.

/s/ Michelle K. Hinds
Michelle K. Hinds
Law Office of Jason Blust, LLC
211 W. Wacker Dr., Ste. 300
Chicago, IL 60606
312-273-5001

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE:  Anthony Roldan            )
       Marlene Roldan            )  Case No:  18 B 18593
                                        )  Judge:    Barnes
                                        )  Chapter   13
       Debtors                )

## MOTION FOR SANCTIONS AGAINST THE CITY OF CHICAGO

    Now come Anthony and Marlene Roldan (hereinafter referred to as "Debtors"), by and through their attorneys, and move this Honorable Court to award sanctions to the Debtors pursuant to 11 U.S.C. § 362(k) against the City of Chicago (hereinafter referred to as "the City"), and in support thereof, respectfully represent as follows:

    1.    On June 29, 2018, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code.

    2.    On or about June 14, 2018 and prior to filing the instant case, the Debtors' 2005 Infiniti G35X (hereinafter referred to as "the Vehicle") was impounded by the City for outstanding tickets owed by the Debtors.

    3.    When Debtors file a Chapter 13 case and have tickets with the City, Arnold Scott Harris P.C. (hereinafter referred to as "Arnold Scott") routinely receives notice of the bankruptcy filing and files proofs of claims on behalf of the City.

    4.    On June 29, 2018, the same day the instant case was filed, legal assistant Hayfa Zayed with the Debtors' attorneys' office phoned Arnold Scott and spoke with Daphyne Hill. Daphyne Hill was advised of the filing of the instant case and provided with the Debtors' case number, the plate number for the Vehicle, and the Debtors' driver's license numbers.

5. The Debtors' attorneys' office has filed multiple cases where vehicles were impounded prior to filing and notice to the City has routinely been given the same way.

6. The City had notice of the filing of the instant case on July 29, 2018.

7. The Debtors assert that the Vehicle is property of the estate pursuant to 11 U.S.C. § 541(a).

8. On July 3, 2018, Daphyne Hill with Arnold Scott contacted the Debtors' attorneys' office to confirm the Debtors' social security numbers and driver's license numbers needed to file the City's proof of claim.

9. On July 3, 2018, a proof of claim for $9,882.00 was filed on behalf of the City by Daphyne Hill with Arnold Scott (see attached Proof of Claim, referred to as "Exhibit A").

10. Due to the recent changes in the City's protocol, they typically do not release a vehicle to a Debtor that was impounded pre-filing until the plan is confirmed with full payment of the City's claim.

11. On August 16, 2018, this Court confirmed the Debtors' Chapter 13 plan.

12. The confirmed plan provided for secured fixed payments for the full amount of the City's claim (see attached confirmed plan, referred to as "Exhibit B").

13. The Debtors' attorney emailed the City's counsel David Lipschutz on August 16, 2018 requesting release of the Vehicle to the Debtors.

14. After receiving no response, the Debtors' attorney again emailed David Lipschutz on August 20, 2018 requesting release of the Vehicle to the Debtors.

15. After receiving no response again, the Debtors' attorney called and left a voice mail for David Lipschutz requesting the status of the release of the Vehicle to the Debtors.

16. The Debtors' attorney received an email from David Lipschutz on August 22, 2018 alleging that "The first communication we received from your office regarding the impounded vehicle was last week. The vehicle was disposed of prior to your initial communication."

17. The Debtors' attorney was further informed by David Lipschutz that the Vehicle was disposed on July 11, 2018.

18. The Debtors fully dispute the allegation that the first communication received regarding the impounded vehicle was August 16, 2018.

19. As stated above, the Debtors' attorneys' office phoned Arnold Scott on June 29, 2018, the same day the instant case was filed, and informed them of the filing of the instant case, the case number, and license plate number for the Vehicle.

20. In addition, Arnold Scott phoned the Debtors' attorneys' office on July 3, 2018 requesting information about the Debtors.

21. Furthermore, Arnold Scott filed a Proof of Claim on behalf of the City on July 3, 2018, so they clearly had knowledge of the filing of the instant case when they filed their Proof of Claim.

22. The City disposed of the Vehicle on July 11, 2018, which is several days *after* they filed their Proof of Claim in the instant case.

23. Pursuant to 11 U.S.C. § 362(k), the Debtors are entitled to actual damages from the City for their willful violation of the automatic stay.

24. The Debtors have now been without the Vehicle for approximately two (2) months.

25. Since the Vehicle has been crushed by the City, the Debtors will never be able to get the Vehicle back.

26. The Debtors have suffered actual damages of $6,221.00, which is the replacement value of the Vehicle (see attached Kelley Blue Book report, referred to as "Exhibit C").

27. The Bankruptcy Court for the Northern District of Illinois has found that punitive damages are appropriate to penalize creditors for willful violations of the automatic stay. *In re Sumpter,* 171 B.R. 835, 845 (Bkrtcy.N.D.Ill.1994).

28. In determining if punitive damages are appropriate, the Court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; and (5) the creditor's sophistication and knowledge of the bankruptcy law and procedure. *In re Sumpter,* at 845 (citing *In re M.J. Shoearama,* 137 B.R. 182 (Bankr.W.D.Pa.1992)).

29. The City is involved in numbers Chapter 13 cases, and they engaged in conduct in direct violation of the automatic stay by destroying property of the estate after receiving notice of the bankruptcy filing.

30. The City likely can pay punitive damages.

31. The City's motive is unclear, but what is clear is that they destroyed property of the estate in total disregard of the bankruptcy laws and automatic stay.

32. The Debtors did nothing to provoke the City to crush the Vehicle after the filing of the instant case.

33. The City is clearly a sophisticated creditor and has knowledge of bankruptcy law and procedure. The City has been involved in numerous Chapter 13 cases and routinely file proofs of claims in Chapter 13 cases. The City's attorneys also routinely appear in bankruptcy court. Therefore, they clearly have knowledge of the bankruptcy laws and procedures, and this makes their willful violation of the automatic stay even more unacceptable.

34. For some time now, it has been the City's position that they have a possessory lien on a vehicle that was impounded pre-filing, and that 11 U.S.C. § 362(a)(3) does not require immediate turnover of a vehicle upon filing of a Chapter 13 case.

35. As stated above, it has been the City's procedure to hold on to a vehicle that was impounded pre-filing and the City typically does not release the vehicle to a debtor until the plan is confirmed with full secured payment of their claim.

36. If the City is going to engage in a practice where they hold on to property of the estate from the time of filing until confirmation of a plan, which in the instant case was 48 days, then the City needs to ensure that they have a procedure in place to avoid the destruction of property of the estate.

37. The Debtors are requesting $10,000.00 in punitive damages from the City for their willful violation of the automatic stay.

38. The Debtor's counsel is also requesting reasonable attorneys' fees for the cost and time spent in filing this Motion.

**WHEREFORE**, Debtors pray that this Honorable Court enter an Order Awarding Sanctions to the Debtors as follows:

1. That the City of Chicago be ordered to pay the Debtors' actual damages in the amount of $6,221.00;
2. That the City of Chicago be ordered to pay the Debtors' counsel's reasonable attorneys' fees in the amount to be proven up at a later date;
3. That the City of Chicago be ordered to pay the Debtors punitive damages in the amount of $10,000.00 for their willful violation of the automatic stay, or in the alternative that the City of Chicago be ordered to pay the Debtors punitive damages in the amount deemed to be reasonable by this Honorable Court; and
4. For such other relief as this Court deems proper under the circumstances.

Respectfully submitted,

_____/s/ Michelle K. Hinds
Michelle K. Hinds
Law Office of Jason Blust, LLC
211 W. Wacker Dr., Ste. 300
Chicago, IL 60606
312-273-5001